IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| LAURI LEGERE and JAN LEGERE, her husband, | Case No. 1:14-cv-53 (Keeley) |
| Plaintiffs | Electronically Filed March 24, 2014 |
| v. | |
| JOHN SKIDMORE DEVELOPMENT, INC., t/d/b/a THE FLATWOODS KAMPGROUNDS OF AMERICA, | |
| Defendant | |

## COMPLAINT

AND NOW comes the Plaintiffs, by and through their attorneys, Dapper, Baldasare, Benson, Behling & Kane, P.C., and files this Complaint, averring as follows:

## JURISDICTION AND VENUE

1.  Plaintiffs, Lauri Legere and Jan Legere, are adult individuals residing at 149 West Elm Street, Mt. Airy, North Carolina, 27030.

2.  Defendant, John Skidmore Development, Inc. is a West Virginia corporation that trades and does business as The Flatwoods Kampgrounds of America (hereinafter "Flatwoods KOA") with a principal place of business located at 350 Day Drive, Sutton, Braxton County, West Virginia, 26601. The Defendant is the survivor corporation with a merger between John Skidmore Development, Inc. and John Skidmore, Inc.

3.  The incident which gives rise to this cause of action occurred at the Flatwoods KOA in Sutton, Braxton County, West Virginia and, accordingly, venue is proper in the Northern District of West Virginia, Clarksburg Division.

4. The jurisdiction of the Court attaches under the provisions of 28 U.S.C. § 1332 in that the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00) and the parties are citizens of different states.

## FACTUAL BACKGROUND

5. The Flatwoods KOA is a campground located in Sutton, West Virginia, which consists of, *inter alia*, a bathhouse which contains shower stalls for use by guests of the Flatwoods KOA.

6. On or about July 29, 2012 Plaintiff Lauri Legere was a guest and business invitee of the Flatwoods KOA.

7. On or about July 29, 2012 Ms. Legere was in the bathhouse on the premises of the Flatwoods KOA for purposes of using the shower to bathe.

8. As Ms. Legere entered the bathhouse she hung her towel outside of a shower stall in an area across the room from the shower stall as this was the location available given the design of the area.

9. Following her shower, Ms. Legere exited the shower stall and attempted to walk across the bathhouse to the area where her towel was located.

10. As Ms. Legere traversed the wet floor to retrieve her towel, Ms. Legere slipped and fell suffering serious injuries including, but not limited to, a fracture through the head of her proximal left radius, an avulsion fracture projecting anteriorly into the left elbow joint, a dislocation of her left elbow, and other injuries to her left upper extremity and other parts of her body.

## COUNT I - NEGLIGENCE

### Lauri Legere v. John Skidmore Development, Inc., t/d/b/a Flatwoods Kampgrounds of America

11. The Plaintiff, Lauri Legere, incorporates by reference paragraphs 1 through 10, of this Complaint as if the same were set forth at length herein.

12. The Defendant had a duty to design, construct, maintain and/or operate a bathhouse in a manner that would not result in an injury to business invitees such as Ms. Legere who were using the premises during their stay as paying guests of the Flatwoods KOA.

13. The Defendant knew or should have known that its business invitees would need to hang their towels at a distance from the shower and Defendant failed to provide a reasonably safe surface for patrons who exited the shower to walk upon.

14. The Defendant breached the aforesaid duty by failing to design, construct, maintain and/or operate a bathhouse safe for the use of its guests and by allowing the bathhouse to exist in an unsafe condition at the time of Ms. Legere's injuries.

15. Specifically, Defendant breached its duty to Plaintiff Lauri Legere generally and in the following particulars:

    a. By installing, or permitting to exist, floor tiling which Defendant knew or should have known was unreasonably unsafe for use by Plaintiff;

    b. By creating or allowing to exist circumstances which required Defendant's guests, such as Ms. Legere, to traverse the wet tile floor of the bathhouse in a wet condition to retrieve her towel;

    c. By failing to install appropriate floor mats to protect Defendant's guests, such as Ms. Legere;

    d. By creating or allowing to exist an unmarked step down when in the exercise of reasonable care Defendant knew, or should have

       known, that such step down posed a slip and fall hazard for guests, such as Ms. Legere, when exiting the shower stall;

e. In failing to warn guests, such as Ms. Legere, of the existence of the unmarked step down when in the exercise of reasonable care Defendant knew, or should have known, that such step down posed a slip and fall hazard for guests exiting the shower stall;

f. In failing to equip the bathhouse shower and common areas with appropriate protections for guests - such as Ms. Legere - of the Flatwoods KOA;

g. In designing the shower stall area and in installing or allowing to exist the towel hangers which required guests, such as Ms. Legere, to exit the shower to procure use of their towel;

h. In failing to equip the bathhouse to allow for safe ingress and egress from the shower stall;

i. By installing flooring materials of such character and manner of installation so as to create an unreasonable hazard.

16. As a direct and proximate result of the aforementioned breaches of duties owed by the Defendant to the Plaintiff, Defendant was negligent.

17. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff, Lauri Legere, on July 29, 2012, slipped and fell causing her to seriously injury her left upper extremity and other parts of her body.

18. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff, Lauri Legere, was required to undergo medical treatment including, but not limited to, left radial head replacement arthroplasty on August 7, 2012.

19. As a further direct and proximate result of the negligence of the Defendant as set forth herein, Plaintiff will be required to undergo medical treatment in the future.

20. As a further direct and proximate result of the negligence of the Defendant as set forth herein, the Plaintiff, Lauri Legere, has incurred medical bills and expenses in an amount in

excess of thirty-seven thousand dollars ($37,000) and will continue to incur medical bills and expenses in the future for treatment directly and proximately resulting from the negligence acts of the Defendant, and the injuries from such actions.

21. As a further direct and proximate result of the negligence of the Defendant as set forth herein, the Plaintiff, Lauri Legere, has incurred lost wages and income in the past and may continue to lose wages in the future.

22. As a further direct and proximate result of the negligence of the Defendant as set forth herein, the Plaintiff, Lauri Legere, has been forced to endure substantial pain, suffering, and mental anguish in the past and will continue to be forced to endure substantial and permanent pain, suffering, and mental anguish in the future.

23. As a further direct and proximate result of the negligence of the Defendant as set forth herein, the Plaintiff, Lauri Legere, has lost the capacity to enjoy life in the past and will continue to lose the capacity to enjoy life in the future.

## COUNT II – LOSS OF CONSORTIUM

**Jan Legere v. John Skidmore Development, Inc.,
t/d/b/a Flatwoods Kampgrounds of America**

24. The Plaintiff, Jan Legere, incorporates by reference paragraphs 1 through 23, of this Complaint as if the same were set forth at length herein.

25. As a further direct and proximate result of the negligence of the Defendant as set forth herein, the Plaintiff, Jan Legere, has lost the society, companionship, services, and consortium of his wife, Lauri Legere, in the past and will continue to suffer such losses in the future.

WHEREFORE, the Plaintiffs, Lauri Legere and Jan Legere, demand judgment against the Defendant for compensatory damages resulting from the injuries suffered by the Plaintiffs which were proximately caused by, and resulting from, the negligent conduct of the Defendant as complained of and as set forth herein, and for such other negligent conduct as may be apparent to the Court or the parties in an amount which will adequately compensate them for the injuries complained of herein, with pre-judgment and post-judgment interest thereon until paid, along with costs, expenses, and attorney's fees. The Plaintiffs further pray for such further and general relief as this Honorable Court may deem proper.

**JURY TRIAL DEMANDED**

        Respectfully Submitted,

        DAPPER, BALDASARE, BENSON, BEHLING & KANE, P.C.

        BY _____
        Robert J. Behling (WV I.D. #6406)

        Four Gateway Center
        444 Liberty Avenue, 10th Floor
        Pittsburgh, PA  15222
        412-456-5555
        412-456-2109 [fax]

        E-mail:  rbehling@dapperlaw.com